UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-mj-00178-2 |
| Plaintiff, | **ORDER TO DISCHARGE AND DISMISSS WITHOUT PREJUDICE** |
| v. | |
| Rufilio Bleto Benegas , | |
| Defendant. | |

**ARMISTEAD, United States Magistrate Judge**

On June 30, 2025, at his initial appearance on a criminal complaint for a felony offense, a preliminary hearing for Rufilio Bleto Benegas was scheduled on July 15, 2025. On July 15, 2025, Benegas moved for dismissal on the basis that he did not consent to have a hearing later than 14 days from his initial appearance as required by Federal Rule of Criminal Procedure 5.1. Under Rule 5.1(c), a defendant is entitled to a preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if he is in custody. A magistrate judge may extend that time "[w]ith the defendant's consent and upon a showing of good cause." Rule 5.1(d). After the court heard arguments from the parties, the court found that Benegas did not consent to the extension of the hearing. Rule 5.1(d) also provides that the magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay. *See also* 18 U.S.C. § 3060(c) ("with the consent of the arrested person, the date fixed by the judge or magistrate judge for the preliminary examination may be a date later than that prescribed by subsection (b), or may be continued one or more times to a date subsequent to the date initially fixed therefor. In the absence of such consent of the accused, the judge or magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay."). Here, assuming without deciding that the extension here can be made after the expiration of the 14-day deadline, the court found that extraordinary circumstances do not exist.

The remedy under 18 U.S.C. § 3060(d) is that the defendant be "discharged from custody or from the requirement of bail or any other condition of release, without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was

2 – ORDER TO DISMISS

arrested." In accordance with 18 U.S.C. § 3060, the court discharges Benegas from custody and dismisses the pending charges without prejudice.

DATED: 7/15/2025

_____
Jeff Armistead
United Stated Magistrate Judge

3 – ORDER TO DISMISS